**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

        Plaintiff,

  vs.                                  **Case No. 05-40045-01-RDR**

HUMBERTO NUNEZ-BUSTILLOS,

        Defendant.

**O R D E R**

On March 13, 2006, the court sentenced the defendant. The purpose of this order is to memorialize the rulings made by the court at that hearing.

On September 15, 2005, the defendant entered pleas of guilty to conspiracy to distribute approximately 11 kilograms of cocaine in violation of 21 U.S.C. § 846 and possession with intent to distribute approximately 11 kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). These pleas were entered without a plea agreement with the government. Following the completion of the presentence report, the defendant filed six objections. Subsequently, the government and the defendant reached certain agreements. These agreements provided that (1) the government would recommend that the defendant receive the safety valve under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2; and (2) the government would recommend that the defendant receive the low end of the appropriately calculated guideline range. These agreements rendered all but one of the objections filed by the defendant moot.

Accordingly, the court shall only consider the first objection filed by the defendant.

The defendant objects to the social security number and aliases attributed to him in the presentence report. He suggests that he has never used the noted social security number or an alias. Both the government and the probation office indicate there is support for the information contained in the report, both the social security number and the aliases.

The court finds no reason to believe that the information contained in the presentence report is inaccurate, but finds it unnecessary to rule on this objection because the mater will not affect sentencing. See Fed.R.Crim.P. 32(i)(3)(B).

With the aforementioned agreements and decision, the court finds the defendant's offense level is 27 and his criminal history category is I. The defendant's guideline range is 70 to 87. The court sentenced the defendant to a term of imprisonment of 70 months on each conviction, with the terms to run concurrently.

**IT IS SO ORDERED.**

Dated this 17th day of March, 2006 at Topeka, Kansas.

                                    s/Richard D. Rogers
                                    United States District Judge